Case number 20-1242 et al, New York Stock Exchange LLC et al, Petitioners v. Securities and Exchange Commission. Mr. Mishkin for the petitioners, Mr. Totaru for the respondents. Mr. Mishkin, good morning, please proceed. Good morning, thank you, your honor, and may it please the court. The National Market System plan amendments at issue should be vacated because they are unlawful rules that were promulgated without following required rulemaking procedures. The premise- Don't you have a jurisdictional, I'm sorry. Yes, your honor. Don't you have a jurisdictional question before you get to that? Yes, I'm happy to address that, your honor. I wish you would, because if we don't have jurisdiction, we don't need to know anything else. Go ahead, please. The jurisdictional question fundamentally is whether this was rulemaking. Here, if it was rulemaking, then the court has jurisdiction, and we have every right to challenge that- Well, it could be slightly different in phraseology, whether the rulemaking time limit applies or the order time limit applies. The commencement, it's 60 days, I guess, either way. When it commences, that's really the issue, not whether it's rulemaking. If it were rulemaking under the guise of an order, then you could have raised that in a petition for review of the order, and we'd have the merits in front of us. But since you didn't raise it timely under the ordering provision, are you properly here? Yes, we think absolutely yes, your honor, because we do think the question fundamentally is whether this was rulemaking, whether this was fundamentally a rule. The court confronts that question in different contexts and has to look at agency action and identify its substance and decide, was this in fact a rule? And if it was, I think the court's precedents are clear that we would be under section 25B because we're supposed to apply APA principles and decide if it's in fact an order, we'd be under 25A. If it is in fact an order, you could have timely asked for a review and raised that question to determine whether this was properly an order or whether it had improprieties in it for an order, but you didn't do that, did you? We didn't, your honor, and that's because we have the right to challenge it under 25B if the substance of this was rulemaking. Yeah, if you come out convincing us, but if we don't get to the question of whether it's rulemaking it's styled an order. You knew it was styled an order. You had notice of what the commencement dates are for orders as opposed to rules, and you insist that you have the right to have gone with the rule for rules, but that doesn't explain why you did it. The fact that you think you have a right to do something, but they go to a disputable right, doesn't answer the question of why you did it. Why didn't you just bring it within the, it says it's an order. Why didn't you just go by what it said and challenge whether it's a proper order within the rules for orders? Your honor, the answer to that is that we thought we clearly had the right to challenge it as a rule. And I would direct this court- Do you think that's a good enough answer? As to why you did something is because we thought we had the right to? Yeah. That's not a reason, counsel, I hate to tell you. Your honor, I think that if we have the right to do it, then we are allowed to do it. And that's the point I'd like to focus the court on. I think that in the Watts case, for example, this court, the order there was styled as an order, but the court said we don't actually have jurisdiction under 25A. And I think what that shows is that the same, as would be the case when this court confronts this question in other contexts, is something actually an order or a rule? The court goes through a substantive analysis. And I think that the idea that we have to stick with what the commission said, and that if in fact it is not a rule, we must engage, we must indulge in the fiction, that it really was an order. I think that's a highly problematic result here because you think about what that would result in, for example. That would mean- You seem to be eliminating the concept that there's maybe this is an order that has an impropriety in it, which would have invalidated it. That seems to be what this could have been. Why isn't that the answer to what it could have been rather than determining that it's styled an order, but it's really a rule? Because your honor, that's not the way this court looks at the difference between orders and rules. When it looks at something- Do you think you know more about how the court looks at things than I do? I think I've been looking at them as part of this court for 30 some odd years now. I understand your honor. Respectfully, I would direct the court to, for example, National Association of Home Builders, which says we have not hesitated to consider an agency pronouncement issued without meeting required APA procedures a rule. And in that case, that was, if anything, a harder question, because that was a question about whether a pronouncement under the, whether it counted under the Regulatory Flexibility Act, and it said in order to count, it had to be a rule that was promulgated according to certain procedures. And the court said, we don't hesitate to call that a rule. This wasn't a flawed order. It was in substance a rule. So that's what I mean when I say the court has corrected it that way. It was an order in styling at least. And if it was not a proper order, then why wasn't the proper way to have determined the impropriety had been to petition to review of that order so that we could have the merits in front of us at that point that you're asking us to look at the merits now when it's very questionable whether the merits are in front of us. Your honor, I think, yes, we could have done that as well. But our point is that because 25B gives this court jurisdiction according to the rules of the fourth and 25B, because that gives court jurisdiction. Let me say this. I agree with Judge Sentelle. You keep saying, yes, we could have done that. There was something you had to do when you got that order. And if you were so shocked that it was an order rather than a rule, then the first thing you should have done was challenge it and say, this is a rule, not an order. I mean, you lost your opportunity and that's what statutes of limitation are for. You had every opportunity to say, you got it wrong, SEC. This is a rule rather than an order. But instead you waited and why you waited, we haven't heard, but your argument, well, we had a right to challenge the nature of it. Yes, but you had to do it in a timely way. Your honor, let me try to explain it like this. I think if the conclusion is that it can only be challenged as an order, I don't think that can be the right answer. Because of what that would mean. That would mean that the commission could take something that was plainly a rule-making and could characterize it as an order and never give notice. No, SEC, you're wrong. I mean, you could have come up here in this 60-day period that you missed by five days or whatever and said, circuit court, please look at this. This is a rule rather than an order and send it back. And for the life of me, I don't know why you waited, but there you are. But your honor, I think the implication of that is that this court doesn't have jurisdiction under 25B. And that's what I'm disputing. I think the court does have jurisdiction under 25B because it is a very familiar exercise for this court to tell the difference between orders and rules. And if it was a rule, this court has jurisdiction. But the timing requirements on this have been held to be jurisdictional. So if we're looking at the rules as to when the time begins for the order, it's not timely. We don't have jurisdiction. You didn't meet the jurisdictional requirement. Well, I think the court does, because again, if it is in fact substantively rule-making, then the court can treat it as such and it would have jurisdiction according to the rules under 25B. How can we get to the question of whether it's substantively wrong or not if we don't have jurisdiction? Because I'm not, this initial question is about- You're reasoning in a circle. Well, I don't think so, your honor, because we're not asking to get to the analysis of whether it was right or wrong fully. We're asking a threshold question about whether this is properly in one bucket or the other. And I would say that this court has done that test again and again. If we ever done that where this was the issue, this question of whether being out of time for an order, for an action styled as an order, whether being out of time for that is okay, because you decided you were gonna have it asked to be given as a rule. If we had any case, it's really parallel to that. No, not specifically with regard to timing, but the bucketing analysis is what drives the jurisdictional question here. And so when I- When you say that the court has lots of precedent, we don't have precedent on this issue at all, do we? Pardon me, Judge- Nobody ever asked us to do this before, did they? Well, the court, not in the particular application of this timing, but I think it is a very- No, that's the question that's before us on this appeal. That's the first question. On this motion to dismiss, the question is, the question of dismissal question is timing. And we don't have a case on that at all, do we? Not specifically with regard to timing, but I think- No would be the answer. Not specifically- The answer is no, Your Honor. The answer is no, isn't it? Yes, that's correct, Your Honor. But I think the other cases lead to one clear answer, because the implication- But they all had the merits in front of them. The question now is whether we even have the merits, isn't it? I understand, but I don't believe- When the Congress makes a jurisdictional distinction, as it did in Section 25, between orders and rules, then this court necessarily has to confront whether something is an order or a rule. And that is an analysis, for example, that happened in Watts. It looked at whether something was really an order. Judge Urbina, it's not from this court, from the district court, Judge Urbina did that analysis with respect to a jurisdictional question in Levy, because whether it is properly considered to be an order or a rule, which will be a threshold question later for the merits, but whether it belongs in one bucket or another is what determines whether the court has jurisdiction. And I think it would be a very odd outcome if the commission could label something that substantively is rulemaking,  never publish it in the Federal Register, and then all of a sudden, and it could have all sorts of impacts on third parties, and then all of a sudden- But I guess, counsel, I don't think the questions that my colleagues have asked you have suggested that that could not be the ultimate result. The only question is what's before us. And you are not arguing, as some Supreme Court cases, that where an agency acts so far beyond its authority, that the court can constrain the agency. That's not this case. Even if we were to accept your suggestion that what was done here was so obviously not an order, that the court would have no discretion, essentially, other than to agree with you, and you would have to come in a second proceeding. The only thing I could think of was you were trying to cut out sort of a middle proceeding because you were so confident you would win in the end, at least as to whether this should have been rulemaking rather than an order. Your Honor, I think that this is, if you look at the cases that distinguish between orders and rules, some of them are closer because there are factors pointing in both direction. This is not a case where the factors point in both directions. That's, well, I will repeat, yeah. If I could give the court this hypothetical just to try to underscore the point as to why this was so obviously rulemaking. And again, we think the case law is clear that if it was rulemaking, the court has jurisdiction, which is the question that we're focused on. But imagine a hypothetical. Imagine the commission one day had come out with a three-part order, and it said part one, SROs are limited in who their plan reps can be. Part two said the SROs are limited in what kind of information they can share internally. And part three said everybody in the world who interacts with the plans have to make certain disclosures. And a lot more occurred here, but imagine that was the order. I don't think that this court would have any hesitation in saying that the commission had engaged in rulemaking. I think that is more rulemaking. Do you think that any lawyer in the world, or why would any lawyer in the world wait past the deadline difference to bring that to us? Such a hypothetical has more to it than you may want it to, counsel. That would raise the question we're raising with you. Why did you not act consistent with the rules and did only a five-day difference? What in the world were you trying to do by putting this in that five-day, what might best be called a gray zone? Your Honor, we don't believe it's a gray zone. I think that the, if you look at all of the- I don't believe that's an answer to my question. You're hypothetical, you parade horribles. You gotta make sure they're horrible. And would it be horrible for us to expect counsel to, I would expect an entity to bring the petition under what is applicable rule according to the name on the document before we ever get to the merits. Your Honor- I just don't find your hypothetical to be connected enough to the real world to have a lot to do with the answer to the question. My point is that it's a purely legislative forward-looking determination. And if you look at, I think it's more clearly a rule than the enhancement findings in Safari Club. You're still arguing the merits and not the motion. I guess, Your Honor, respectfully, we don't view, when Congress creates a jurisdictional distinction at the outset, which cannot be driven by labeling, I think the court has no choice but to do the bucketing. And if that bucketing clearly leads to a conclusion that it's rulemaking, the court has jurisdiction. I don't know why the court would defer more. This is, let me leave the court with this thought. I don't know why the court would defer more to a commission characterization in the context of rulemaking, then in the context of a jurisdictional question than it would in the context of anything else. And that would be the effect here. If the court is going to say that there is no jurisdiction over something that the commission labels in order, which would be the effect of the implication of these questions, then I understand it's a different case. But what that would mean would be that the commission characterizes rulemaking as an order and deprives the public. It's not just deference. If we look at what's before us, it is an order, unless we say it's not an order. So at the time you have to make your decision in the petition, it's an order. It may turn out that we're going to say, no, it wasn't properly in order, but you're putting us into a circuitous reasoning here to say, well, it's not an order because we're going to say it's not an order, but it is an order until we say it's not an order. I don't know if I want to get on that circus, counsel. Right. I think that it's a very, when something has no components of an adjudicatory proceeding and it is rulemaking in every way that it appears to be, then I think that the court has jurisdiction over that. I think that's exactly what 25B is saying. Can I ask you about rule 608D, which is the appeals. And of course that's no longer timely, but wouldn't you under D, could you proceed under D? I'm sorry, your honor. Can you repeat that? 608D appeals, the commission may in its discretion entertain appeals in connection with the implementation or operation of any effective national market system plan as follows, and then it sets it out. I mean, could you have sort of stayed with the agency before? Your honor, we viewed it as a final rule. So there was no need to take it up further with the agency. We think it's completely proper if the agency engages in rulemaking, it can be challenged under 25B. So that's the route that we took. Give you a couple. I see I'm over time. So I'd like to reserve a bit of time for rebuttal, but I'll yield at this point. Well, Mr. Totaro. Your honors, and may it please the court, Martin Totaro on behalf of the Securities and Exchange Commission. Judge Santel is correct that petitioners seek to put the merits cart before the jurisdictional horse. Petitioners agree that these agencies were orders, but try to argue that they should have been rules. That argument could have been raised in a timely petition for review, but petitioners chose to file after the statutory deadline. As a result, the petition should be dismissed as untimely. I think the two best cases for us on this point are this court's decisions in British Caledonian and New Star. Although as Judge Santel noted, this issue doesn't arise a lot because the prudent thing to do would be to timely file, challenge the rule and challenge it as unlawful. And so in British Caledonian, the court ruled that because the agency issued an order pursuant to a regulatory scheme, the court would accept the agency's label of the order. It said, and this is on page 992, the order in question is what the agency states that it is, but that doesn't end the inquiry. The court then went on to decide that the order was invalid because it should have been done as a rulemaking. And so here, petitioners don't even get to that second step because they cannot satisfy the antecedent question of whether there's jurisdiction in the first place. And similarly in New Star, the court addressed whether an order was arbitrary and capricious because petitioners claimed that it should have been done through rulemaking. In both cases, the court asked not whether the order was actually a rule, but whether the order was invalid because it should have been done as a rule. Here, the commission followed the plain text of rule 608B when it issued the orders on review. 608B2 says that approval of national market system plan amendments initiated by industry shall be by order. Now, 608B2 also says that the commission can make quote changes to a proposed amendment filed by stock exchanges that the commission deems necessary and appropriate. And that is precisely what happened here. Industry proposed the amendments, the commission approved the proposals with changes and the commission issued the approvals by work. Petitioners did not seek review of those orders within 60 days of their entry. And thus they are time barred as a matter of jurisdiction because they failed to satisfy the plain terms of section 25A. I'm happy to answer any questions this court might have. I have one, Mr. Totaro. If we rule with you, these are fairly far reaching changes that the commission made. Would it be open to the SROs, two of them at least, to propose amendments that either got rid of these changes or wanted a second chance to explain why they are so far reaching? Judge Henderson, you are correct. So under rule 608A1, any two or more self-regulatory organizations acting jointly may file a proposed amendment and nothing in this court's decision dismissing the petitions as untimely would prevent the exchanges from complying with that part of the regulation. All right, thank you. If there are no questions, Judge Sentelle? Judge Rogers? No. And Judge Sentelle, all right. Well, we have your argument. All right, we have your argument, Mr. Totaro. Thank you. Mr. Mishkin, if you wanna take a minute, go ahead. Yes, thank you, Your Honor. I think the flaw in the reasoning here is the idea that when this court is looking at whether something is an order or a rule and it determines that it's rulemaking, that it considers it to be a flawed order. I think respectfully, that is not what we see in case after case. And I don't hear anything in what Mr. Totaro said that would address how this court approached this in National Association of Home Builders, which was to go to the substance, to say that there was something that should have been done through rulemaking was not, and we're gonna call it a rule. The answer was not that it was a flawed order. It was that we're gonna call it a rule. And I think that what that reflects is that this court looks to the substance of what the action actually was. That's not the merits question here. The merits question would be, okay, if it's a rule, did they go through the right procedures? I think it's a discreet initial question. And I think it's an inevitable question when you have the two sections. And again, what shows this court does not defer to an agency label. We know that from all of these cases. And I think if the court were to permit the deprived self of jurisdiction over something that's challenged in the right way for a rule, that would lead to mischief because then the commission could not give notice to people affected by something, never publish it, wait 60 days. And then the time would run on their theory, even though it was rules, even though rules are rules and it would be unmistakably a rule, I think that would be the wrong result. You're wrong about that because they are, you are wrong about that because they are required to be published in the federal register. And if they are not, then they are not effective. But you've got your argument. So thank you counsel.
judges: Henderson, Rogers, Sentelle